UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR Investments Pool 1, LLC, | Case No.: 2:22-cv-00567-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Motion for Preliminary Injunction** |
| Newrez LLC dba Shellpoint Mortgage Servicing, et al., | [ECF No. 26] |
| Defendants | |

Plaintiff SFR Investments Pool 1, LLC moves to enjoin Newrez LLC dba Shellpoint Mortgage Servicing from enforcing its rights under the deed of trust that secures the long-unpaid mortgage on 1622 Colloquium Drive, in Henderson, Nevada, by foreclosing on the property. SFR argues that it properly tendered the payoff amount of $219,136.23, discharging the debt and precluding foreclosure.[1] Newrez rejected that tender, contending that SFR's check reflected merely the sum required to bring current the loan (which had been in default since 2009), and the full payoff amount to discharge the debt and stop the foreclosure is nearly twice that sum.[2] Because SFR has not demonstrated that its tender was sufficient under Nevada law to discharge this debt, I deny the motion.

**Analysis**

A preliminary injunction is an "extraordinary" remedy "never awarded as of right."[3] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an

---

[1] ECF No. 26.

[2] ECF No. 27.

[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[4]  The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[5]  Under either approach, the starting point is a merits analysis.

      SFR has not shown that there are serious questions going to the merits of its suit, let alone a likelihood of success.  Its theory that the $219,136.23 was the payoff amount is based on the December 2, 2021, letter from the mortgage servicer.  SFR argues that "the only amount identified was $219,136.23.  Thus, this is exactly what SFR tendered prior to the sale."[6]

      But the $219,136.23 amount is not the only one identified in this letter.  The letter also identifies various fees and charges and the principal loan balance.[7]  The $219,136.23 figure is characterized as the "Total Delinquent Amount Due," which a sophisticated real-estate investor like SFR[8] would understand referred to the loan payments that were delinquent because they had come due but had not been made.[9]  And that this sum was not the payoff amount needed to

---

[4] *Id.* at 20.

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[6] ECF No. 29 at 4.

[7] ECF No. 26-9 at 5.

[8] SFR was the plaintiff in the seminal HOA case of *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014), and has since been actively litigating hundreds, if not thousands, of these cases in Nevada's state and federal courts.

[9] ECF No. 26-9 at 5.

discharge the debt was further evidenced by the instruction in the letter to contact Newrez's office "if you need a formal payoff quote,"[10] suggesting that the $219,136.23 figure was not itself the payoff amount:

> Per your request, listed below is some of your detailed loan information.
>
> Loan Number: 0579378365
> Next Payment Due Date: 12/1/2009
> Late Charge: $188.40
> Other Fees: $9,462.75
> Principal Balance: $193,058.24
>
> Property Address: 1622 COLLOQUIUM DR HENDERSON, NV 89014
> Regular Payment Amount: $1,395.18
> NSF Charges: $0.00
> Legal Fees: $5,456.21
> Total Delinquent Amount Due: $219,136.23
>
> Please note that the information listed above is as of 12/2/2021. A payment sent to us in the mail may take 5 - 7 days to be received here in our office. Also, please note that the principal balance figure listed above is only your principal balance. It is not a payoff amount. Please contact our office at (800) 365-7107 if you need a formal payoff quote.
>
> We would be glad to discuss any questions you may have about your account.

So, when SFR tendered its check for $219,136.23 as "the full amount owed" and "to discharge the debt for which the deed of trust secures, and in turn receive a reconveyance of the deed of trust[,]" it appears that SFR had no right to insist on such conditions.[11] SFR thus has not shown that its tender was improperly refused, entitling SFR to enjoin an impending foreclosure.

IT IS THEREFORE ORDERED that the motion for preliminary injunction **[ECF No. 26] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 21, 2023

---

[10] *Id.*

[11] *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018) ("In addition to payment in full, valid tender must be unconditional, or with conditions on which the tendering party has a right to insist."), known locally as the *Diamond Spur* case.

3